IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 06-cv-01867-BNB

JAMES G. CAPADONA,

     Plaintiff,

v.

FEDERAL DETENTION CENTER - ENGLEWOOD,

     Defendant.

F I L E D
UNITED STATES DISTRICT COURT
DENVER, COLORADO

JAN 2 5 2007

GREGORY C. LANGHAM
CLERK

---

## ORDER DENYING MOTION TO RECONSIDER

This matter is before the Court on the motion titled "Motion Pursuant to 28 USC § 1915 for Reinstatement of Civil Action No. 06-cv-01867-BNB" submitted *pro se* on January 8, 2007, by Plaintiff James G. Capadona. Mr. Capadona asks the Court to set aside the dismissal order entered on December 12, 2006, and filed on December 13, 2006. The Court must construe the motion liberally because Mr. Capadona is representing himself. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

A litigant subject to an adverse judgment, and who seeks reconsideration by the district court of that adverse judgment, may "file either a motion to alter or amend the judgment pursuant to Fed. R. Civ. P. 59(e) or a motion seeking relief from the judgment pursuant to Fed. R. Civ. P. 60(b)." *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991). A postjudgment motion filed within ten days of a final judgment should be construed as a Rule 59(e) motion. *Id.*; *see also Dalton v. First Interstate Bank*,

863 F.2d 702, 703 (10th Cir. 1988). A motion to reconsider filed more than ten days after the final judgment in an action should be considered pursuant to Rule 60(b). *Van Skiver*, 952 F.2d at 1243.

Final decisions are those that end the litigation on the merits and leave nothing for the district court to do except execute the judgment. *Van Cauwenberghe v. Biard*, 486 U.S. 517, 521-22 (1988); *In re Durability, Inc.*, 893 F.2d 264, 265 (10th Cir. 1990). "It is well settled that an order dismissing the action . . . is a final judgment." *Sherr v. Sierra Trading Corp.*, 492 F.2d 971, 978 (10th Cir. 1974). The Court's order and judgment filed on December 13, 2006, dismissed the amended complaint and the action without prejudice. Plaintiff's motion was submitted on January 8, 2007, more than ten days after the final judgment. Therefore, the Court will construe the motion liberally as a motion seeking relief from the judgment pursuant to Fed. R. Civ. P. 60(b). Relief under Rule 60(b) is appropriate only in extraordinary circumstances. *Massengale v. Oklahoma Bd. of Examiners in Optometry*, 30 F.3d 1325, 1330 (10th Cir. 1994).

The Court dismissed the amended complaint and the action without prejudice for Plaintiff's failure to comply with D.C.COLO.LCivR 10.1M by providing the Court with a new address in a timely manner and for failure to prosecute, and entered judgment in favor of Defendant and against Plaintiff. The Court's reasoning for the dismissal is discussed in detail in the order and judgment filed on December 13, 2006. Mr. Capadona fails to present any extraordinary circumstances that justify relief pursuant to Fed. R. Civ. P. 60(b). Upon consideration of the entire file, the Court finds and

concludes that Mr. Capadona fails to demonstrate some reason why the Court should reconsider and vacate the decision to dismiss the complaint. Therefore, the liberally construed motion seeking relief from the judgment pursuant to Fed. R. Civ. P. 60(b) will be denied. Accordingly, it is

ORDERED that the motion titled "Motion Pursuant to 28 USC § 1915 for Reinstatement of Civil Action No. 06-cv-01867-BNB" submitted *pro se* on January 8, 2007, by Plaintiff James G. Capadona, and which the Court has construed liberally as a motion seeking relief from judgment pursuant to Fed. R. Civ. P. 60(b), is denied.

DATED at Denver, Colorado, this 25 day of _____ Jan. _____, 2007.

BY THE COURT:

ZITA L. WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 06-cv-1867-BNB

James G. Capadona
Reg. No. 03571-090
Federal Detention Center
9595 W. Quincy Ave.
Littleton, CO 80123

I hereby certify that I have mailed a copy of the **ORDER** to the above-named individuals on ___1/25/07___

GREGORY C. LANGHAM, CLERK

By:_____
                    Deputy Clerk